UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN TIMOTHY WALDROP                                CIVIL ACTION

VERSUS                                              NO. 10-1962

RANDALL L. BETHANCOURT, ET AL.                      SECTION "S"(1)

## REPORT AND RECOMMENDATION

Plaintiff, John Timothy Waldrop, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983, naming as defendants Judge Randall L. Bethancourt, Assistant District Attorney Jay J. Luke, Corey Pennison, Terone Larvadain, the Louisiana State Police, and two unidentified individuals. Plaintiff alleges that his rights have been violated in connection with his ongoing state criminal prosecution.

Plaintiff states he has been charged with vehicular homicide in connection with the death of Amanda Larpenter. Judge Randall L. Bethancourt is presiding in that criminal case, which is being prosecuted by Assistant District Attorney Jay J. Luke. Because Larpenter was the niece of the politically influential sheriff of Terrebonne Parish, plaintiff believes that Judge Bethancourt and Luke are biased, and plaintiff states that those defendants have made "highly inflammatory remarks to the press." Plaintiff also alleges that Judge Bethancourt imposed excessive bail and that Luke made false allegations at the bail hearing and is withholding evidence from the defense.

Plaintiff also alleges that the Louisiana State Police "were prejudiced in their investigation." He claims that Officers Corey Pennison and Terone Larvadain have destroyed, falsified, and/or altered evidence.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that several of plaintiff's claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief and that his remaining claims be stayed.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Unidentified Defendants

As an initial matter, the Court notes that plaintiff lists two unidentified defendants in the caption of this case. However, that is improper, because a §1983 action must be filed against an actual identified person. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). Moreover, in any event, plaintiff makes no allegations against the unidentified defendants. Because plaintiff cannot pursue a lawsuit against unidentified individuals and because he makes no allegations against them, the claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted.

## III. Louisiana State Police

Plaintiff has also named the Louisiana State Police as a defendant. The State Police exists as an agency of the State of Louisiana. La.Rev.Stat.Ann. § 40:1301; Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009); Michalik v. Hermann, Civ. Action No. 99-3496, 2000 WL 1593440, at *1 (E.D. La. Oct. 24, 2000); Jenkins v. Lee, Civ. Action No. 98-2367, 1999 WL 97931, at *2 (E.D. La. Feb. 17, 1999). Accordingly, that defendant is improper and must be dismissed for the following reasons.

First, state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Dep't of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Francis, 2009 WL 4730707, at *2; Levy v. Office of Legislative Auditor, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, in any event, the claim against the Louisiana State Police is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Francis, 2009 WL 4730707, at *3.

### IV. Claims Based on the In-Court Actions of the Prosecutor and the Judge

It is claimed that the in-court actions of Assistant District Attorney Jay J. Luke and Judge Randall L. Bethancourt have violated plaintiff's constitutional rights. However, those claims against those defendants fail for the following reasons.

5

### A. Assistant District Attorney Jay J. Luke

Plaintiff's claims against Luke in his individual capacity concerning his in-court actions are barred by his absolute prosecutorial immunity even if he acted "maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987). Luke's immunity protects him against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). "Prosecutors are entitled to absolute immunity for actions as advocates before the grand jury and at trial even if they present unreliable or wholly fictitious proofs." Buckley v. Fitzsimmons, 20 F.3d 789, 795 (1994). Moreover, Luke's immunity clearly protects him from the claim challenging his actions at the bail hearing. Kirby v. Dallas County Adult Probation Department, 359 Fed. App'x 27, 30-31 (10th Cir. 2009); Dillberg v. County of Kitsap, 76 Fed. App'x 792, 794 (9th Cir. 2003); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2nd Cir. 1995); Lerwill v. Joslin, 712 F.2d 435, 438 (10th Cir. 1983). It likewise protects him from the claim that he has suppressed evidence favorable to the defense. Truvia v. Julien, 187 Fed. App'x 346, 348 (5th Cir. 2006); Cousin v. Small, 325 F.3d 627, 635 & n.11 (5th Cir. 2003).

The Court further notes that plaintiff has not stated a cognizable claim against Luke in his official capacity. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom.

## B. Judge Randall L. Bethancourt

To the extent that plaintiff is suing Judge Bethancourt for monetary damages for his actions in the state criminal proceedings, those claims are barred regardless of whether the claims are against the judge in his individual capacity or his official capacity.

Such claims against Judge Bethancourt in his individual capacity are barred by his absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S.

(13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Those exceptions are inapplicable here.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. Judge Bethancourt's actions while presiding in plaintiff's criminal case obviously involve a function normally performed by a judge. Further, plaintiff is clearly dealing with Judge Bethancourt in his judicial capacity. This Court notes that plaintiff particularly objects to Judge Bethancourt's actions relating to the setting of bail. However, it is beyond cavil that the setting of bail is a judicial function for which judges are protected by absolute immunity. Sneed v. Cotton, Civ. Action No. 3:08-CV-2273, 2009 WL 1283162, at *2 (N.D. Tex. May 5, 2009); Green v. Mayfield, Civ. Action No. 3:08-CV-2287, 2009 WL 230161, at *2 (N.D. Tex. Jan. 29, 2009); Criner v. Pruitt, Civ. Action No. 7:01-CV-016, 2003 WL 22671024, at *1 (N.D. Tex. Oct. 31, 2003).

Regarding the second exception, there is no question that Judge Bethancourt has jurisdiction over plaintiff's criminal proceedings.

Accordingly, for the foregoing reasons, any claims against Judge Bethancourt in his individual capacity for monetary damages are barred by his absolute judicial immunity.

To the extent that plaintiff is suing Judge Bethancourt in his official capacity for monetary damages, those claims are likewise barred for two reasons.

First, Judge Bethancourt is a state court judge. A state official in his or her official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

Second, a judgment against the judge in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Because official-capacity claims against a state court

judge are therefore in reality claims against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); McCloud, 2009 WL 2515609, at *5; Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

To the extent that plaintiff is seeking injunctive relief against Judge Bethancourt, that relief is likewise unavailable. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009); Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels

against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal *habeas corpus* relief in appropriate circumstances. See O'Shea, 414 U.S. at 502.

### V. Defamation Claims Against the Prosecutor and the Judge

As noted, plaintiff also alleges that Assistant District Attorney Luke and Judge Bethancourt have made "highly inflammatory remarks to the press." It is unclear whether plaintiff is attempting to assert a claim premised on those remarks; however, out of an abundance of caution, the Court will assume that he is attempting to assert a defamation claim. Neither the prosecutor nor the judge would be protected by absolute immunity for defamatory remarks made to the press. Buckley v. Fitzsimmons, 509 U.S. 259, 276-78 (1993); Barrett v. Harrington, 130 F.3d 246, 260-61 (6th Cir. 1997); Rehberg v. Paulk, No. 09-11897, 2010 WL 2788199 (11th Cir. July 16, 2010). Nevertheless, plaintiff's defamation claims still fail for the following reasons.

11

Regarding such claims, the United States Fifth Circuit Court of Appeals has noted: "Following Paul v. Davis, 424 U.S. 693, 710-11, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976), we have consistently required plaintiffs alleging that the defamatory statements of a government official operated to deprive them of a protected liberty interest to satisfy what has sometimes been referred to as the 'stigma plus infringement' test." Vander Zee v. Reno, 73 F.3d 1365, 1369 (5th Cir. 1996).

"To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, false factual assertions by a state actor." Texas v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995). Therefore, an allegation of falsity is a "prerequisite" to such a claim. Blackburn v. City of Marshall, 42 F.3d 925, 936 (5th Cir. 1995). In the instant case, plaintiff alleges only that the statements made were "inflammatory"; he does not alleged that they were factually false.

However, even if the Court assumes that plaintiff would contend that the statements were false and could satisfy the "stigma" prong of the claim, the claim still fails on the remaining prong of the test. With respect to the infringement prong, injury to a person's reputation alone is not a constitutionally cognizable injury. Vander Zee, 73 F.3d at 1369. Rather, "a plaintiff must show that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or one of the incorporated provisions of the Bill of Rights." Thompson, 70 F.3d at 392. No such allegation is made in this case. Even if plaintiff perhaps believes that the defendants' intention in making the statements was to somehow deprive him of his right to a fair trial, he has suffered no such injury to date because his criminal trial has not yet been held and any contention that he might suffer such injury in the future is entirely speculative. Such speculation regarding the potential inability to receive a fair trial is simply insufficient to support a federal

defamation claim. Lacayo v. Louisiana, Civ. Action No. 08-4447, 2009 WL 278230, at *4 (E.D. La. Feb. 5, 2009); see Shank v. Sakal, No. CV 07-0632, 2007 WL 1381598, at *2 (D. Ariz. May 4, 2007); cf. Henderson v. Warren, No. 93-9019, 1994 WL 243154 (5th Cir. May 18, 1994) ("The sole allegation of any 'stigma plus' is that the defendants' motivation was to deprive [plaintiff] of a fair trial. There is no allegation that any such loss in fact occurred."). Moreover, in any event, adequate procedures, such as voir dire and changes of venue, exist to ensure that the fairness of plaintiff's criminal trial will be unaffected by any resulting bias against him in the general community or the pool from which his jury is ultimately chosen. Lacayo, 2009 WL 278230, at *4. Accordingly, for all of these reasons, the Court finds that plaintiff has not stated a nonfrivolous federal defamation claim.

## VI. Claims Concerning Purported Evidence of the Crime

Lastly, plaintiff claims that Corey Pennison and Terone Larvadain destroyed, falsified, and/or altered evidence relating to his pending criminal prosecution. For the following reasons, the Court should decline to entertain those claims at this time.

"Convictions tainted by the suppression, destruction, or alteration of material evidence violate a defendant's Fourteenth Amendment right to due process." White v. Fox, 294 Fed. App'x 955, 958 (5th Cir. 2008); Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996). Therefore, if this Court were to find that Pennison and Larvadain destroyed, falsified, and/or altered evidence relevant to the pending criminal charge against plaintiff, that judgment would necessarily imply the invalidity of a subsequent conviction and sentence on that charge. White, 294 Fed. App'x at 958; Hamilton, 74 F.3d at 103.

13

Indeed, if plaintiff had already been convicted, this Court would be barred from considering the claims by Heck v. Humphrey, 512 U.S. 477 (1994).[3] See White, 294 Fed. App'x at 958; Ames v. Oklahoma, 158 Fed. App'x 114, 117 (10th Cir. 2005); Adongo v. Texas, 124 Fed. App'x 230, 232 (5th Cir. 2005); Hamilton, 74 F.3d at 103; Summers v. Edison, Civ. Action No. H-06-3362, 2006 WL 3044465, at *1 (S.D. Tex. Oct. 25, 2006), aff'd, 206 Fed. App'x 321 (5th Cir. 2006). However, the United States Supreme Court has made clear that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original). That said, the Supreme Court likewise made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

---

[3] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has been extended to also bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004).

> If a plaintiff ... files any ... claim related to rulings that will likely be made in a pending or anticipated criminal trial ..., it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. Therefore, under that reasoning, plaintiff's claims against Pennison and Larvadain should be stayed. See Holt v. Jefferson Parish Sheriff's Office, Civ. Action No. 07-3606, 2007 WL 4114357, at *5-6 (E.D. La. Nov. 16, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Judge Randall L. Bethancourt, Assistant District Attorney Jay J. Luke, the Louisiana State Police, and the two unidentified individuals be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Corey Pennison and Terone Larvadain be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal prosecution is concluded, so that the claims against Corey Pennison and Terone Larvadain may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-first day of July, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.