UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN TIMOTHY WALDROP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1962** |
| **RANDALL L. BETHANCOURT, ET AL.** | **SECTION "S"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, John Timothy Waldrop, filed this civil action pursuant to 42 U.S.C. § 1983, naming as defendants Judge Randall L. Bethancourt, Assistant District Attorney Jay J. Luke, Corey Pennison, Terone Larvadain, the Louisiana State Police, and two unidentified individuals. Plaintiff alleged that his rights were violated in connection with his state criminal prosecution for vehicular homicide.

On August 18, 2010, the claims against Bethancourt, Luke, the Louisiana State Police, and the unidentified individuals were dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief. The claims against Pennison and Larvadain were stayed, and the case was administratively closed pending the conclusion of plaintiff's state criminal proceedings.[1]

---

[1] Rec. Doc. 5.

Alleging that those criminal proceedings were now concluded, plaintiff recently moved to reopen the instant case.[2] The United States District Judge granted that motion on December 14, 2010.[3]

Because more information was needed to determine the precise status of the criminal proceedings, the undersigned held a Spears hearing on January 4, 2011. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[4] Based on plaintiff's sworn testimony at that hearing, it is evident that the state criminal proceedings are not in fact yet concluded, and therefore the reopening of the instant case was premature.

At the Spears hearing, plaintiff testified that his claim against Officer Pennison is that he falsified evidence to reflect that plaintiff was advised of his rights prior to agreeing to take a Breathalyzer test. Plaintiff filed a motion in his criminal proceedings to have the Breathalyzer test results suppressed because he was not in fact advised of his rights. The state district court judge denied that motion. Plaintiff also claims that Officer Larvadain falsely testified at a pretrial motion hearing that there was no videotape of the arrest. Plaintiff alleges that is also untrue and that the

---

[2] Rec. Doc. 6.

[3] Rec. Doc. 7.

[4] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

2

videotape has been withheld by the police because it would prove that he was not intoxicated as they contend. The state district judge also ruled against plaintiff on that issue.

After his pretrial motions were denied, plaintiff chose to plead guilty to the charge against him in exchange for a sixteen-year sentence. However, he entered his plea pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), which allows a criminal defendant to plead guilty conditioned on a reservation of his right to appeal pre-plea rulings or conduct.[5] Plaintiff stated that he has filed his notice of appeal, but that the appeal has not yet been lodged.

Clearly, plaintiff's criminal proceedings are not yet concluded. His case is still on direct appeal, and the result of that appeal may well result in his plea being vacated and the matter being brought to trial. Therefore, the same considerations which originally warranted the staying of these proceedings still exist. Moreover, if this Court were to forge ahead and conclude that Pennison and Larvadain destroyed, falsified, and/or altered evidence, that conclusion would necessarily impugn

---

[5] The Louisiana Supreme Court allows such pleas to promote judicial economy:

> The normal function of the procedure is to avoid the delay of a trial on the merits (and the useless cost to the judicial system, the witnesses, the jurors, and the accused) by affording immediate review, without a trial of the merits, of a pre-trial ruling which, if correct, permits the trial or the introduction of evidence which will substantially contribute to a conviction (and which, if incorrect, mandates reversal upon introduction of the evidence). The type of error usually here assigned represents a violation of a constitutional or statutory right which, for reasons beyond guilt or innocence, would mandate a reversal of any conviction resulting from a trial. When a conditioned plea is accepted reserving an assignment of error as to a pre-trial ruling of this nature, we will assume that the evidence questioned is of this prejudicial nature and will be offered at the trial, unless the record prior to the plea demonstrates otherwise.

Crosby, 338 So.2d at 591.

the validity of the very rulings which are currently awaiting review by the state's appellate courts. Accordingly, until these matters are resolved by the state courts and plaintiff's criminal proceedings are final by the conclusion of direct review, plaintiff's claims against Pennison and Larvadain should remain stayed.  See Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, *appeal*, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." (emphasis added)); see also Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Holt v. Jefferson Parish Sheriff's Office, Civ. Action No. 07-3606, 2007 WL 4114357, at *5-6 (E.D. La. Nov. 16, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Corey Pennison and Terone Larvadain be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal proceedings are concluded, so that the claims against Corey Pennison and Terone Larvadain may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifth day of January, 2011.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]   Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.